Dear Mr. Stephens:
We received your request for an opinion regarding property which is owned by two or more persons in indivision. Specifically, you inquire if all of the owners must receive a tax bill and if property which is owned in indivision may qualify for use value.
Your inquiries must be addressed in light of Civil Code Article 797 which defines ownership in indivision. The article provides as follows:
 Ownership of the same thing by two or more persons is ownership in indivision. In the absence of other provisions of law or juridical act, the shares of all co-owners are presumed to be equal.
Civil Code Article 801 provides that the use and management of property held in indivision is determined by agreement of all co-owners. Thus, property which is owned in indivision must be treated as one piece of property unless the property is partitioned. A partition may be done by the consent of all co-owners or it may be done judicially.
We previously opined that property should be assessed in the name of the record owner or owners. Op. Atty. Gen. 97-71. The jurisprudence has recognized that an assessor does not have to search beyond the official records to ascertain ownership of a particular parcel of land. As such, it is our opinion that the property must be assessed to all of the record owners and all mailings regarding the assessment should be sent to all owners of record.
It is further our opinion that property which is owned in indivision may qualify for use value. Use value is defined as the highest value of bona fide agricultural, horticultural, timber, and marsh land when the land is used by a prudent agricultural, horticultural, timber, or marsh operator for the sole purpose of continuing the operation of the land as such. Use value is established without reference to any other market value or value to the public in general. La.R.S. 47:2301, et seq. The land must meet all of the requirements to qualify for use value as set forth in the statutes. Again, if the property is owned by two or more persons, the use and management of the property, unless there is an agreement to the contrary, must be determined by all co-owners.
If you have any questions or comments, please contact our office.
With kindest regards, I am,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dra
OPINION NUMBER 97-91
MARCH 25, 1997
Insurance — 54 LSA-R.S. 22:71; LSA-R.S. 22:801; LSA-C.C. Art. 13; LSA-R.S. 22:6; LSA-R.S. 22:5(9); LSA-R.S. 22:252; LSA-R.S. 22:168; LSA-R.S.22:84; LSA-R.S. 22:258; LSA-R.S. 22:806
Capital and surplus requirements for a life insurer actively engaged in business continuously during twenty years before conversion from an industrial insurer are controlled by LSA — R.S. 22:801(B) and not LSA-R.S. 22:71.
Barry W. Karns Deputy General Counsel Department of Insurance P.O. Box 94214 Baton Rouge, LA 70804-9214